# Rauhauser v. York Manufacturing Company, Appellant.

*Negligence—Master and servant—Obedience to orders—Contributory negligence—Act of June 10, 1907, P. L. 523.*

1. An employee is not required to set up his own judgment against an employer or a foreman having charge of the particular work. Even where he may question the safety of the undertaking, he may rely on the advice of his superior and is justified in acting on the order of the latter. Where the act to be performed is not imminently dangerous the workman's dependent position permits him to follow the positive orders given him by the person in charge of the work even where there are conditions of peril.

2. In an action by an employee against his employer to recover damages for personal injuries the question of the defendant's negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show that the plaintiff was injured while engaged in setting a molding machine in place; that plaintiff was a carpenter unfamiliar with the machine; that he was ordered to help in moving the machine by defendant's foreman who had entire charge of this particular work; that the foreman raised the cap or head of the machine about eighteen inches or two feet, and afterwards ordered the plaintiff to go between the machine and the wall in a space eighteen inches or two feet wide and spring the machine over a fraction of an

inch with a crowbar; that plaintiff while engaged in the work supported himself with his right hand on the machine; and while he was in this position the cap which had not been securely fastened dropped on his hand and injured it. Such case is within the terms of the Act of June 10, 1907, P. L. 523, making an employer liable for the negligence of any person in charge of or directing the particular work in which an employee was engaged at the time of the injury.

Argued March 12, 1912. Appeal, No. 23, March T., 1911, by defendant, from judgment of C. P. York Co., April T., 1909, on verdict for plaintiff in case of Adam Rauhauser v. York Manufacturing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BITTENGER, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Errors assigned* were various instructions, and refusal to give binding directions for defendant.

*H. C. Niles,* of *Niles & Neff,* with him *John A. Hoober* and *George S. Schmidt,* for appellant.—If foreman did adjust the screw, he was doing a mere manual act, and in it was not representing the employer or exercising authority over the plaintiff: McGrath v. Thompson, 231 Pa. 631; Haynes v. Penfield, 231 Pa. 329; Kupp v. Rummel, 199 Pa. 90; Long v. Folwell, 228 Pa. 314.

This plaintiff knew, as well as the foreman or the employer, that it was dangerous needlessly to put his hand under the suspended head held up only by the rod which he had seen tightened by the foreman's hand: Baldwin v. Urner, 206 Pa. 459; Bowman v. Woolworth, 220 Pa. 527; Meixner v. Brewing Co., 210 Pa. 597; Cisney v. Pa. Sewer Pipe Co., 199 Pa. 519; Talbot v. Sims, 213 Pa. 1; Rooney

v. Carson, 161 Pa. 26; Wannamaker v. Burke, 111 Pa. 423; Kilbride v. Carbon Dioxide & Magnesia Co., 201 Pa. 552.

*James G. Glessner*, with him *K. W. Altland*, for appellee, cited: Zearfoss v. Iron & Steel Co., 218 Pa. 594; Lee v. Woolsey, 109 Pa. 124; Reese v. Clark, 198 Pa. 312; Williams v. Clark, 204 Pa. 416.

OPINION BY HENDERSON, J., July 18, 1912:

This action was brought to recover damages for an injury to the plaintiff's hand resulting from the negligence of the defendant's foreman who was engaged in setting a molding machine in place. It is conceded that the foreman had charge of the particular undertaking and the plaintiff was a carpenter working under him. The conduct of the foreman complained of is that he raised the cap or head of the machine eighteen inches or two feet and fastened it by a set screw used for that purpose and that after having done so he directed the plaintiff and another employee to go between the machine and the wall in a space eighteen inches or two feet wide and spring the machine over a fraction of an inch with a crowbar. When so engaged and while the plaintiff was pulling with his left hand on the bar and supporting himself with his right hand on the machine the cap dropped on his hand producing the injury complained of. The evidence shows clearly that the foreman was directing the particular work in which the employee was engaged, and if the injury resulted in the manner described by the plaintiff's witnesses there was a foundation for the allegation of negligence. The plaintiff was not accustomed to the kind of work in which he was engaged at the time he was hurt. He was a carpenter employed in a variety of tasks connected with his trade and was without experience in the handling of this kind of machine. The foreman gave direction as to how the machine was to be moved and placed and having examined it and concluded it was firm told his subor-

dinates to move it into position. The allegation is that the set screw was turned by the foreman with his hand only, instead of a wrench, that the lid was not made secure and that the plaintiff was peremptorily ordered into a place and to do a thing which exposed him to injury from the lid which fell while he and the other man were endeavoring to change the location of the machine. The plaintiff's evidence shows that the foreman took charge of the matter of securing the cap and that he directed the act in which the plaintiff was engaged when he was hurt. If, as he claimed, the cap was insecurely fastened and the plaintiff was suddenly put at a task requiring exertion on his part in a cramped situation and thereby exposed to danger if the cap fell, we think the case is brought within the terms of the Act of June 10, 1907, P. L. 523, making the employer liable for the negligence of any person in charge of, or directing, the particular work in which the employee was engaged at the time of the injury. It is true that the plaintiff was not required to have his hand on the machine at the place where the cap dropped, but giving credit to his story he was in a position in using the bar with Myers, his fellow workman, which made it reasonable if not necessary, that he support himself with his free hand, and it was a question for the jury whether in the hurry of the work he was bound to anticipate that the cap might fall and injure his hand if it was placed on the rim. The defendant's evidence was in direct contradiction of the plaintiff's in material respects, particularly with reference to the position of the cap or head at the time the machine was delivered at the foundry and was put in place by the foreman, the latter alleging that the cap was raised when the machine was delivered and that it was not moved or interfered with by him or by anyone under him up to the time that the plaintiff was hurt; but this contradiction was necessarily a question of fact for the jury as was also the question whether the plaintiff was guilty of contributory negligence in the light of the notice shown to have been posted in the foundry warning employees against

exposing themselves to suspended weights. Whether this cap was a suspended weight within the meaning of the notice may well be doubted; but the jury only could say whether the plaintiff should be charged with negligence in respect thereto, taking into consideration the fact that the foreman had raised and fastened the cap and had directed the work as described by the plaintiff. An employee is not required to set up his own judgment against an employer or a foreman having charge of the particular work. Even where he may question the safety of the undertaking he may rely on the advice of his superior and is justified in acting on the order of the latter. Where the act to be performed is not imminently dangerous the workman's dependent position permits him to follow the positive orders given him by the person in charge of the work even where there are conditions of peril.

Taking the charge as a whole we think it is a fair presentation of the case under the evidence. As is well known it is only in a clear case that the court is justified in giving binding instructions for the defendant or in entering judgment for the defendant non obstante veredicto, and after a careful examination of the testimony in this case we are unable to say that it is so free from doubt that the court should have taken the case from the jury.

The judgment is affirmed.